UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 25-cr-252 (CJN) |
| | : | |
| SEAN CHARLES DUNN, | : | |
| | : | |
| Defendant. | : | |

## PROPOSED VOIR DIRE

The parties propose the following *voir dire* questions:

1. [Joint Statement of Case] Before today, had you read or heard anything, either by word of mouth, in the news media, or on social media, about this case?

2. The case involves a charge of assaulting, resisting, opposing, impeding, intimidating, or interfering with[1] an officer or employee of the United States, who was assisting local police as part of the D.C. Safe and Beautiful Task Force. Is there anything about the charges or circumstances of this case that might make it difficult for you to be a fair and impartial juror?

3. The United States is represented in this case by Assistant United States Attorneys John Parron and Michael DiLorenzo, who are being assisted by paralegal []. Could you each PLEASE STAND. Do you know or have you had any contact with these individuals?

4. The defendant is Sean Charles Dunn. PLEASE STAND. He is represented by Sabrina Shroff, Julia Gatto, and Nicholas Silverman, who are being assisted by Jason Fischer. PLEASE STAND. Do you know or have you had any contact with these individuals?

5. During the course of the trial, you may hear testimony from or about a number of people. The attorneys will now identify for you the names of people who may testify or about whom you may hear testimony. Listen carefully and, if you recognize or know any of the people named, please mark your paper. The Government's counsel may go first, and then the defendant may list any additional names.

6. Please look around you. Do you know or recognize any other member of the prospective jury panel, the courtroom staff or me?

7. The lawyers have predicted that the presentation of evidence in this trial should last about **two days**, but it could be shorter or longer. The jury will sit Monday through Friday, generally from 9:30 a.m. to 5 p.m., although the starting and ending times may vary. The length of jury deliberations following the presentation of evidence at trial will be determined by the jury itself.

---

[1] The defense would omit the language "resisting, opposing, impeding, intimidating, or interfering with," which is the subject of the defendant's pending motion to strike surplusage (ECF No. 22).

    Do you have an urgent or extremely important matter to attend to this week, such that you could be faced with a hardship if selected to serve on the jury in this case?

8. Do you have any vision, language, or hearing problems, or any other physical or medical problems, that might interfere with your ability to hear or understand what the witnesses say in this case, to view exhibits and photographs, or to give your full attention to this case?

9. Do you have any moral, religious, or ethical beliefs that prevent you from sitting in judgment of another person?

10. Have you, any member of your family or close friend ever studied law or been employed by a lawyer or a law firm, worked in a courthouse, as a paralegal or legal secretary, or performed legal investigative work?

11. Have you, any member of your family or close friend ever been employed by any local, state, or federal law enforcement agency or a private security company? Law enforcement agencies include for example, the U.S. Attorney's Office or any other prosecutor's office, Metropolitan Police Department, the United States Marshals Service, the Federal Bureau of Investigation (FBI), the Bureau of Alcohol, Firearms, and Explosives (ATF), U.S. Customs and Border Patrol (CBP), U.S. Immigration and Customs Enforcement (ICE), a prison, or the Drug Enforcement Administration (DEA)?

12. Have you or any member of your family or close friend applied for a job with any law enforcement agency such as the entities I just mentioned?

13. Have you, any member of your family or close friend had any experiences with any law enforcement agency or the government that might cause you to favor or disfavor the government or law enforcement?

14. Have you ever served before as a juror at a civil or criminal trial, or on a grand jury?

15. Have you, any member of your family or close friend ever been the subject of a criminal investigation, been accused of criminal conduct, been arrested or convicted of a crime, been a victim of a crime, been a witness to a crime, testified in court or before a grand jury as a witness to a crime, or been required to appear in court for any reason?

16. Do you, any member of your family or any close friend belong to a group or organization that is active in law enforcement or crime victim prevention matters? Some examples of such organizations include: Fraternal Order of Police, Crime Watch, Crime Stoppers, Orange Hats, or other organizations, including any groups on the Internet, which monitor or discuss neighborhood crime issues.

17. *Government Proposal*:

    In this case, you will hear testimony that the alleged victim, Gregory Lairmore, is an employee of U.S. Customs and Border Patrol (CBP). Do you have such strong views, either positive or negative, about CBP or CBP agents or officers working in Washington, D.C., that you could not

set those views aside and decide this case only on the evidence you receive in court, follow the law, and decide the case in a fair and impartial manner?

In this case, you will hear testimony that the alleged victim, Gregory Lairmore, was working in Washington, D.C as part of the Trump Administration's effort to keep D.C. safe through the D.C. Safe and Beautiful Task Force. Do you have such strong views, either positive or negative, about the Trump Administration or the D.C. Safe and Beautiful Task Force, that you could not set those views aside and decide this case only on the evidence you receive in court, follow the law, and decide the case in a fair and impartial manner?

*Government's Explanation*: These questions are critical to determining whether potential jurors harbor bias. CBP and the Task Force are separate entities that can generate strong feelings, for independent reasons. Lumping them together can cause confusion.

*Defense Proposal*:

In this case, you will hear testimony that the alleged victim, Gregory Lairmore, is an employee of U.S. Customs and Border Patrol (CBP). Do you have such strong views, either positive or negative, about CBP or CBP agents or officers working in Washington, D.C. as part of the Trump Administration's D.C. Safe and Beautiful Task Force, that you could not set those views aside and decide this case only on the evidence you receive in court, follow the law, and decide the case in a fair and impartial manner?

~~In this case, you will hear testimony that the alleged victim, Gregory Lairmore, was working in Washington, D.C as part of the Trump Administration's effort to keep D.C. safe through the D.C. Safe and Beautiful Task Force. Do you have such strong views, either positive or negative, about the Trump Administration or the D.C. Safe and Beautiful Task Force, that you could not set those views aside and decide this case only on the evidence you receive in court, follow the law, and decide the case in a fair and impartial manner?~~

*Defense Explanation*: The defense objects to the reference to "Trump Administration's effort to keep D.C. safe" and object to this question as redundant with question 2.

18. In this case, law enforcement officers will be witnesses. Would you tend to believe or disbelieve the testimony of a law enforcement officer simply because he or she is a law enforcement officer?

19. To reach a verdict on a particular charge, every juror must agree on the verdict. That is, any verdict must be unanimous. In deliberations you must consider the opinions and points of your fellow jurors, but you must also follow your own conscience and be personally satisfied with any verdict. Would you have difficulty expressing your own opinions and thoughts about this case to your fellow jurors?

20. The law provides that the defendant is presumed innocent. The burden is on the government to prove him guilty of each element of the offense beyond a reasonable doubt. The defendant does not have to produce any evidence at trial, because he is not required to prove his innocence nor is the defendant required to prove any fact in dispute in this case. This presumption continues through the trial unless and until the government proves a defendant guilty beyond a reasonable doubt.

This burden of proof never shifts to Mr. Dunn. Would you have any difficulty at all in following this principle?

21. The defendant, like every defendant in a criminal case, has the absolute right not to testify. You must not draw any inference from his decision not to testify. Do you think that you might hold it against Mr. Dunn, or infer that he is guilty, if he does not testify?

22. Do you believe that merely because a defendant has been arrested and charged with a crime, that he is guilty of something?

23. Is there any reason you can think of, whether or not it has been covered by a previous question, why you could not sit fairly, attentively, and impartially as a juror in this case?

### *Additional Voir Dire Requested by the Government*

24. Can you please answer the following background questions:

    a. How long have you lived in the District of Columbia?

    b. What is your current occupation?

    c. What social media platforms do you use, how often do you use them, and what do you use them for?

    d. What source or sources do you rely on to get your news?[2]

---

[2] <u>Defense Objection</u>**:** Judge Nichols does not appear to ask open-ended voir dire questions, instead utilizing an index card system where the jurors write down the numbers on which they have a "Yes" answer. We propose maintaining yes or no questions. In the event that additional background questions are asked, it is unnecessary to inquire about jurors' private use of social media and reading the news because we are already asking about familiarity with this case.