Julia Gatto
212 378 7587
jgatto@steptoe.com

1114 Avenue of the Americas
New York, NY 10036
212 506 3900 main
www.steptoe.com

**Steptoe**

October 8, 2025

<u>By E-Mail</u>

John Parron, Assistant United States Attorney
John Hornok, Assistant United States Attorney
Michael DiLorenzo, Assistant United States Attorney
U.S. Attorney's Office for the
District of Columbia
601 D. Street, NW
Washington, DC 20004

Re:     *United States v. Sean Dunn*, 25-cr-252 (CJN)
        <u>Request for Discovery</u>

Dear Counsel:

We represent defendant Sean Dunn and write on his behalf. We acknowledge receipt of the government's discovery productions dated September 9, September 18, October 5, and October 6, 2025. Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, as well as the constitutional requirements of *Brady v. Maryland* and *Giglio v. United States*, Mr. Dunn requests that you produce and/or permit him to inspect and copy or photograph the additional materials specified below, all of which are material to the preparation of Mr. Dunn's defense.

This request encompasses not only documents[1] and information[2] in the possession, custody, or control of, or that have been reviewed by, the U.S. Attorney's Office for the District of Columbia and the Federal Bureau of Investigation, but also documents and information in the possession, custody, and control of, or that have been reviewed by, the Department of Justice

---

[1] The word "documents" includes, but is not limited to, all books, papers, letters, correspondence, reports, memoranda, studies, calendars, appointment books, diaries, notes, messages, e-mail, text messages, instant messages, other computer facilitated or transmitted materials, images, photographs, polaroids, information in any computer database, audio and video tapes, recordings, transcripts, ledgers, printouts, contracts, checks, receipts, and all copies or portions thereof, and any other written, recorded, or memorialized material of any nature whatsoever.

[2] All requests in this letter include information that has not been memorialized. Even if requests do not explicitly mention unmemorialized information, each request below includes a request for the immediate memorialization and production of such information.

October 8, 2025
Page 2

Criminal Division, Customs & Border Protection, the Department of Homeland Security, the U.S. Marshals Service, the Capital Area Regional Fugitive Task Force, the U.S. Park Police, Metro Transit Police, Metropolitan Police Department, the White House, the Presidential Task Force by which Detective Henry was deputized, and any other federal, state or local agency allied with the prosecution, involved in prosecutorial decision-making, or otherwise involved in the events at issue in the instant prosecution. As used in this letter, the words "government" and "you" include your office and the above-referenced federal, state, or local agencies.

Mr. Dunn requests that the government comply with all of its discovery obligations under federal law, including, but not limited to, the production of the following:

**Materials Related to the August 10, 2025 Arrest**

1. All body cam footage from law enforcement or government personnel involved in interactions with Mr. Dunn preceding his August 10, 2025 arrest and/or during his arrest, transport, and processing.[3]

2. All recordings (audio or visual) of the law enforcement officer identified as CW01 or Mr. Dunn on August 10, 2025.

3. All communications sent to, from, between, or among law enforcement who were involved in interactions with Mr. Dunn preceding his arrest or who were involved in his initial arrest, transport, or processing on August 10 and 11, 2025, including but not limited to the "group chat" referenced in the FBI-302, dated 8/22/25, memorializing the interview with CW01.

4. All witness statements, records, or comments regarding the activities of CW01 or Mr. Dunn.

5. All documents regarding Mr. Dunn's initial arrest on August 10, 2025, including any records regarding the use of force during the arrest, transport, or processing of Mr. Dunn.

6. All documents related to the official duties of CW01.

7. All documents related to the official duties of the Presidential Task Force pursuant to which CW01 was operating on August 10, 2025.

---

[3] While the government's discovery productions to date have included some body cam footage, it appears that footage from several officers on the scene has not been disclosed.

October 8, 2025
Page 3

**Materials Related to the August 15, 2025 Arrest**

8.  All documents, body cam footage, and video recordings of Mr. Dunn's arrest on August 15, 2025 and law enforcement's preparation for that arrest.[4]

9.  The arrest warrant authorizing Mr. Dunn's August 15, 2025 arrest.

10. All communications sent to, from, between, or among law enforcement and government personnel who were involved in the arrest of Mr. Dunn on August 15, 2025.

11. All documents, including all communications sent to, from, between, or among law enforcement and government personnel, including White House staff, related to the posting, sharing, editing, or dissemination of video or still images of Mr. Dunn's arrest. This request includes, but is not limited to, all directions provided orally or in writing to individuals responsible for filming the arrest, editing the footage of the arrest, and/or posting footage of the arrest online.

12. Any documents or communication on or after January 20, 2025 through the present regarding any formal or informal policies or practices related to posting information and videos regarding individual arrests on social media. This request includes, but is not limited to, all formal or informal policies that reference arrestees' perceived political or policy views, or political affiliation or party.

**Materials Related to Political Considerations in Mr. Dunn's Prosecution**

13. All communication on or after August 10, 2025, sent to, from, between, or among any employee, staff, or other personnel of the government (as defined above) that refers in any way to Mr. Dunn's political or policy views or ideology, including but not limited to, allegations of Mr. Dunn's affiliation with the "Deep State" or other groups who purportedly share a particular political viewpoint or political agenda.

14. All communication on or after August 10, 2025, sent to, from, between, or among any employee, staff member, or other personnel of the government (as defined above) concerning Mr. Dunn's prosecution that makes any reference to political opposition—whether by Mr. Dunn or generally—to Trump administration policies and priorities, including increased law enforcement measures in Washington, D.C. and the country.

15. All documents or communication on or after January 20, 2025 through the present regarding any formal or informal administrative priorities, policies, or practices related to

---

[4] While the government's discovery productions to date have included some body cam and other video footage, it appears that footage from several officers on the scene has not been disclosed.

October 8, 2025
Page 4

arrests and prosecutions of individuals alleged to have committed assault against law enforcement. This request includes, but is not limited to, any communication that refers in any way to alleged offenders' political or policy views, or political affiliation or party.

16. All communications or memoranda on or after January 20, 2025 sent to, from, between, or among any employee, staff, or personnel of the government (as defined above) regarding prosecution priorities for crimes involving assaults on law enforcement officers, particularly in connection with political demonstrations, protests, or political opposition to administration policies.

17. Since January 20, 2025, please identify the number of arrests in the District of Columbia prosecuted federally for simple assault against a law enforcement officer and identify the alleged assaultive conduct at issue. This includes but is not limited to all arrests that were "no-papered," subject to a nolle prosequi motion, or otherwise disposed of without an indictment or information being filed.

18. All documents related to any social media posts or public statements by Attorney General Pam Bondi, U.S. Attorney Jeannine Pirro, the White House, and any other government employee related to Mr. Dunn's case.

19. All communications with the media regarding Mr. Dunn's case.

**Other Materials**

20. All documents related to any grand jury empaneled to consider charging Mr. Dunn including grand jury transcripts, subpoenas, returns, testimony, and colloquy.

21. All documents that contain or may be reasonably likely to lead to the disclosure of exculpatory information or evidence.

October 8, 2025
Page 5


   Please let us know promptly whether there are any requests set forth in this letter with which you decline to comply.  We are available to discuss any of the foregoing requests at your convenience.  We reserve the right to supplement these requests as we continue to review the discovery material and prepare for trial.

       Sincerely,


       */s/ Julia Gatto*
       Julia Gatto
       Nicholas P. Silverman
       STEPTOE LLP
       1114 Avenue of the Americas
       New York, NY 10036
       Telephone:    212 506 3900


       */s/ Sabrina Shroff*
       Sabrina Shroff
       80 Broad Street
       19th Floor
       New York, NY 10004
       Telephone:    646-763-1490

       *Counsel for Defendant Sean Dunn*