**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>SEAN CHARLES DUNN,<br><br>*Defendant*. | Case No. 25-CR-252 (CJN) |

**DEFENDANT SEAN CHARLES DUNN'S NOTICE OF**
**MOTION FOR A PUBLIC TRIAL**

Defendant Sean Charles Dunn, through counsel, hereby moves this Court, pursuant to the First and Sixth Amendments of the United States Constitution.

For the reasons set forth in the accompanying Memorandum of Law, Dunn respectfully requests that his motion be granted.

Respectfully submitted,

*/s/*
Sabrina P. Shroff (D.D.C. Bar No. NY0481)
80 Broad Street, 19th Floor
New York, NY 10004
Tel: (646) 763-1490
sabrinashroff@gmail.com

Julia Gatto (*Pro Hac Vice*)
STEPTOE LLP
1114 Avenue of the Americas
New York, New York 10036
Tel: (212) 506-3900
Fax: (212) 506-3950
jgatto@steptoe.com

Nicholas Silverman (D.D.C. Bar No. 1014377)
STEPTOE LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036-1795
Tel: (202) 429-3000
Fax: (202) 429-3902
nsilverman@steptoe.com

*Counsel for Defendant*
*Sean Charles Dunn*

Dated: November 3, 2025

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>SEAN CHARLES DUNN,<br><br>*Defendant*. | Case No. 25-CR-252 (CJN) |

**MEMORANDUM OF LAW IN SUPPORT OF
SEAN DUNN'S MOTION FOR A PUBLIC TRIAL**

Sabrina P. Shroff (D.D.C. Bar No. NY0481)
80 Broad Street, 19th Floor
New York, NY 10004
Tel: (646) 763-1490
sabrinashroff@gmail.com

Julia Gatto (*Pro Hac Vice*)
STEPTOE LLP
1114 Avenue of the Americas
New York, New York 10036
Tel: (212) 506-3900
Fax: (212) 506-3950
jgatto@steptoe.com

Nicholas Silverman (D.D.C. Bar No. 1014377)
STEPTOE LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036-1795
Tel: (202) 429-3000
Fax: (202) 429-3902
nsilverman@steptoe.com

*Counsel for Defendant
Sean Charles Dunn*

Dated: November 3, 2025

## INTRODUCTION

The Sixth Amendment to the United States Constitution guarantees the accused the right to a public trial. Additionally, the First Amendment guarantees the public's right of access to criminal proceedings, including jury selection. The use of a white noise device (as well as the use of the phones) during *voir dire* constitutes a partial courtroom closure and must meet strict constitutional scrutiny, as set forth in *Waller v. Georgia*, 467 U.S. 39 (1984). That scrutiny was is not satisfied here. Mr. Dunn therefore respectfully requests that the Court conduct *voir dire* in open court.

### I. THE USE OF A "HUSHER" INFRINGES DEFENDANT'S RIGHT TO A PUBLIC TRIAL

In *United States v. Aguiar*, 894 F.3d 351, 355 (D.C. Cir. 2018), the D.C. Circuit Court addressed the closure of a use of courtroom during *voir dire* by excluding family members. Despite the factual distinction, the holding in *Waller* remain and there is no doubt that a defendant is entitled to an open and public trial. 894 F.3d 351, 355 ("The protections afforded by the Sixth Amendment to the Constitution that 'the accused shall enjoy the right to a . . . public trial' extend to *voir dire*.") (quoting *Presley v. Georgia*, 558 U.S. 209, 213 (2010)). As the *Aguiar* court noted, "*voir dir*e is 'presumptively . . . a public process with exceptions only for good cause shown." *Id.* (quoting *Press-Enterprise Co. v. Sup. Ct. of Cal.*, 464 U.S. 501, 505 (1984)).

Because *voir dire* is presumptively a public portion of the trial, any denial of public access to *voir dire* must satisfy the following four-part test:

1. The party seeking closure must advance an overriding interest that is likely to be prejudiced.

    2. The closure must be no broader than necessary to protect that interest.

    3. The trial court must consider reasonable alternatives to closing the proceeding.

    4. The trial court must make findings adequate to support the closure.

*Waller v. Georgia*, 467 U.S. 39, 48 (1984). Therefore, the court instructed that before it is constitutionally permissible to close the courtroom, "the party seeking to close the hearing must advance an overriding interest that is likely to be prejudiced, the closure must be no broader than necessary to protect that interest, the trial court must consider reasonable alternatives to closing the proceeding, and it must make findings adequate to support the closure." *Id.* (citing *Waller v. Georgia*, 467 U.S. 39, 48 (1984)); *see also CNN v. United States*, 824 F.2d 1046, 1048 (D.C. Cir. 1987).

    Here, none of the four *Waller* factors are satisfied. To begin with the fourth factor, the Court's sole finding were that the use of the husher would serve efficiency and protect jurors' privacy. The interest in efficiency is not "overriding" when it conflicts with a defendant's constitutional rights. While juror privacy could be an "overriding interest" in some instances, it is not an overriding interest where no juror has expressed concern or requested additional safeguards. *See Cable News Network, Inc. v. United States*, 824 F.2d 1046, 1048 (D.C. Cir. 1987) (holding that "in order to minimize the risk of unnecessary closure trial courts should require prospective jurors to make affirmative requests for private *voir dire* examination…") (citation modified).

    There is no interest expressed by jurors being served by the courtroom closure. Nor has there been any indication that a juror was hesitant to answer any of the 29 questions openly and publically. The Court, should a juror express reservation, invite the juror to a

side bar or to use the phone contraption now in place in the Courtroom.

Even if the closure were motivated by an overriding interest, it is broader than necessary, and the Court has not considered alternatives other than bringing every juror up to side bar. The Court could, for example, conduct *voir dire* in open court until a putative juror objects or seeks to speak privately. The Court could then permit that juror to speak to the parties and the Court in private and conduct only that sensitive portion of proceedings/inquiry at side bar. Alternatively, the Court could use the usher only when there are personal or invasive questions at sidebar while conducting the remainder in open court. There may be other options available to the Court.

The Court could say at the outset that it intends to use a mike that is passed from juror to juror, ask if there are any "Yes" responses to 29 questions and then should a juror want to discuss a particular response in private, it would allow that to occur.

The record as it stands now does not reflect that the Court has considered reasonable alternatives to the existing husher system. Of course, counsel's objections were raised in the middle of jury selection but nonetheless seeks relief.

Because reliance on common practice or ease of the selection process is not the test and because common practice must yield to his right to a public trial, we respectfully request the Court grant the requested relief.

3

## CONCLUSION

For the foregoing reasons, Mr. Dunn respectfully requests that the Court grant his motion.

Respectfully submitted,

/s/
Sabrina P. Shroff (D.D.C. Bar No. NY0481)
80 Broad Street, 19th Floor
New York, NY 10004
Tel: (646) 763-1490
sabrinashroff@gmail.com

Julia Gatto (*Pro Hac Vice*)
STEPTOE LLP
1114 Avenue of the Americas
New York, New York 10036
Tel: (212) 506-3900
Fax: (212) 506-3950
jgatto@steptoe.com

Nicholas Silverman (D.D.C. Bar No. 1014377)
STEPTOE LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036-1795
Tel: (202) 429-3000
Fax: (202) 429-3902
nsilverman@steptoe.com

*Counsel for Defendant
Sean Charles Dunn*

Dated: November 3, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Motion for a Public Trial and accompanying papers, was served via ECF, this 3rd day of November 2025, upon all attorneys included on the ECF notice in case number 1:25-CR-00252 (CJN).

/s/ Sabrina Shroff